IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHADWICK BANKS,**

    **Petitioner,**

v.                                                            Case No.: 4:03cv328/RV

**JAMES V. CROSBY, JR., Secretary,**
Florida Department of Corrections, and
**CHARLIE J. CRIST, JR., as Attorney General**
of the State of Florida,

    **Respondents.**
_____/

## ORDER

Before the Court is a motion for summary judgment filed by the respondents. Petitioner has filed a response to this motion and respondents filed a reply to petitioner's response, as well as a notice of supplemental authority.

BACKGROUND

Petitioner pled no contest to two counts of first-degree murder for the deaths of his wife and stepdaughter and no contest to the sexual battery on his stepdaughter, a child under twelve years of age. He has been sentenced to death for the murder of his stepdaughter. He received a life sentence with a minimum mandatory of 25 years for the murder of his wife and a sentence of life without the possibility of parole for 25 years for the sexual battery against his stepdaughter. The facts as recited by the Supreme Court of Florida are as follows:

> [Banks] entered Cassandra Banks' trailer with a gun at approximately 2:50 a.m. on September 24, 1992. He shot Cassandra Banks in the head while she was asleep. Ms. Banks died without ever gaining consciousness. [Banks] then went to Melody Cooper's bedroom at the other end of the trailer. He set the gun down and sexually battered her for approximately twenty minutes before shooting her in the top of the

head, killing her.

Banks v. State, 700 So.2d 363, 365 (Fla. 1997). The sentencing jury recommended by a vote of nine to three that petitioner receive a sentence of death. The trial judge found the following aggravators had been established: (1) Banks was previously convicted of another capital felony or a felony involving the use or threat of violence to the person; (2) the capital felony was committed while the defendant was engaged in the commission of a felony; and (3) the capital felony was especially heinous, atrocious, or cruel. Id. The trial judge gave little weight to Banks's age in statutory mitigation, in light of his maturity and intelligence. The judge found in nonstatutory mitigation that Banks's service in the military, employment history, good character, and contribution to his family and community had been established, but he gave these factors little weight. The judge also found that Banks had a potential for rehabilitation, had the love and support of his family, and had cooperated with police, but these also were not given great weight. Id. The trial judge sentenced Banks to death, finding that the aggravating circumstances outweighed the mitigating circumstances.

Petitioner's conviction was affirmed by the Supreme Court of Florida on direct appeal in an opinion dated August 28, 1997. Banks v. State, 700 So.2d 363 (Fla. 1997). The Supreme Court of the United States denied petitioner's petition for a writ of certiorari on March 23, 1998. Banks v. Florida, 523 U.S. 1026, 118 S. Ct. 1314 (Mem), 140 L. Ed. 2d 477 (1998). The dates on which his collateral review filings were made are crucial in this case. Petitioner filed a motion in state court on June 10, 1999, for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied petitioner's motion, and this denial was affirmed by the Supreme Court of Florida on March 20, 2003. Banks v. State, 842 So.2d 788 (Fla. 2003).

Petitioner filed his federal petition for a writ of habeas corpus on December 1, 2004 (doc. 7). Petitioner challenges his conviction and death sentence as to the murder of his stepdaughter, Melody Cooper, on the following grounds:

1.  Petitioner was denied constitutionally effective assistance of counsel at the penalty phase when his counsel failed to retain a mental health expert to evaluate possible statutory and nonstatutory mitigating evidence which was available for presentation to the jury;

2.  Petitioner's constitutional rights were violated in that Florida's capital sentencing scheme violates the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution (Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), claim);

3.  The trial court erred in its instructions to the jury as to the aggravating factor of "cold, calculated and premeditated;"

4.  The trial court erred in finding that the murder was especially heinous, atrocious, and cruel;

5.  The trial court impermissibly doubled the statutory aggravators of "during the commission of a felony" and "heinous, atrocious, or cruel;"

6.  The trial court erred in instructing the penalty phase jury that the murder was committed during the commission of a sexual battery, when the same was an underlying felony for purposes of first degree felony murder; and

7.  The trial court abused its discretion in rejecting or in assigning only slight or little weight to the nonstatutory mitigating factors proven by petitioner.

These are the same claims petitioner presented on direct and state collateral review. The respondents' motion does not deal with the merits of the case, however, but only addresses the untimely filing of this federal petition.

## DISCUSSION

Pursuant to Section 2244 of Title 28, United States Code, enacted in 1996 as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitation applies to the filing of federal habeas petitions by persons in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of

…

.

direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). The time during which a "properly filed application" for state post-conviction or other collateral review is pending is not counted. 28 U.S.C. §2244(d)(2).

Petitioner's conviction became final for purposes of Section 2244(d) on March 23, 1998, when his petition for a writ of certiorari on the direct appeal was denied by the Supreme Court of the United States. 28 U.S.C. §2244(d)(1)(A). See Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347 (11th Cir. 2002). Absent any tolling, petitioner's federal habeas petition should have been filed no later than one year from this date, or March 24, 1999. Petitioner did not file his state post-conviction motion until June 10, 1999. Therefore, the one-year limitations period had already run before he filed his state court motion, and his state filing did not toll the limitations period provided for in AEDPA. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that state court post-conviction petition filed four months after expiration of AEDPA's one-year limitations period "'cannot toll that period because there is no period remaining to be tolled.'" (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)). The Tinker court also cautioned petitioners as follows: "[w]e remind petitioners that a properly and timely filed petition in state court only

tolls the time remaining within the federal limitation period. Thus, care must be taken to assure that sufficient time remains within the federal statutory period to file the federal petition." Id. at 1334, n. 4. Petitioner did not file his federal habeas petition until December 1, 2004, or approximately five years and eight months after the limitations period provided for in AEDPA had expired.

In his response to the motion for summary judgment (doc. 24), petitioner acknowledges that his federal habeas corpus petition was filed after the federal limitations period had expired. He argues that the incompetence of his collateral post-conviction counsel was the excuse for his failure to file the instant petition in a timely manner. Petitioner also contends that equitable tolling is warranted based on the fact that his court-appointed collateral post-conviction counsel requested an extension of time in which to file his initial post-conviction motion and "failed to know that he had filed Mr. Banks's Rule 3.850 post-conviction motion after the federal statute of limitations had run. He did not know that an extension of time granted by the circuit court did not toll the federal clock." See Doc. 24 at 2-3.[1]

Petitioner argues that the alleged incompetence of his post-conviction counsel is an extraordinary circumstance and that he has exercised due diligence. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)(emphasis added) cf. 28 U.S.C. § 2244(d)(1)(D)(setting forth explicit diligence requirement). Equitable tolling is an "extraordinary remedy" which has been used "only sparingly" by the federal courts. Jones v. United States, 304 F.3d 1035, 1038-39 (11th Cir. 2002)(quoting Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 96, 111 S. Ct. 453,

---

[1] Petitioner waited over one year and eight months after the March 2003 decision affirming the trial court's denial of post-conviction relief to file his federal petition. Even if petitioner's attorney believed the extension granted by the Supreme Court of Florida in the 3.850 proceeding somehow tolled the federal limitations period, it does not explain his failing to file the federal petition for an additional year and eight months after the decision in the post-conviction proceeding became final.

Case No.: 4:03cv328RV

457, 112 L. Ed. 2d 435 (1990)); Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) aff'd, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005). The issues raised here, then, are: (1) whether the ineffective assistance of counsel in collateral post-conviction proceedings can be the basis of Section 2254 habeas corpus relief; (2) whether petitioner was diligent in his attempt to file a timely petition; and (3) whether the circumstances advanced by petitioner were so "extraordinary" and beyond his control as to excuse his untimely filing.

First, it is settled that ineffective assistance of collateral post-conviction counsel is not a claim cognizable in a federal habeas corpus proceeding. See 28 U.S.C. § 2254 (i)(2000)("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L. Ed. 2d 539 (1987). Moreover, the court in Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1314-15 (11th Cir. 2001), when addressing the district court's holding that the merits of the case contributed to a finding of extraordinary circumstances warranting equitable tolling, stated as follows:

> The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. (Cites omitted). The circumstantial nature of the case against Helton does not relate to the circumstances, if any, justifying his failure to timely file his section 2254 petition. The district court erred, therefore, in focusing upon the merits of the case to justify equitable tolling.

Second, petitioner's response (doc. 24) fails to assert facts which could be construed as an attempt by petitioner to act diligently with regard to filing his federal habeas petition within the applicable time limitations. The response simply states that "[i]t was not until Mr. Hazen intervened pursuant to Mr. Banks's diligence that his petition for writ of habeas corpus was filed at all." (Doc. 24 at 3). This bare assertion, without more, is insufficient to meet the requirement that petitioner

demonstrate that he acted with diligence in pursuing his federal petition. In addition, it is relevant to note that while attorney Hazen was appointed to represent petitioner in this federal proceeding on October 15, 2003 (doc. 2), petitioner's petition for a writ of habeas corpus was not actually filed until December 1, 2004, when it was incorrectly filed as a new case in the Tallahassee division. Therefore, once attorney Hazen intervened, no petition was filed for over thirteen months. No explanation has been given for this lengthy delay. See Diaz v. Secretary for the Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004)("Without considering the time that the initial federal habeas petition was pending or the time that the state collateral proceedings were pending, the two foregoing delays total 532 days, exceeding Diaz's one-year time limitation by 167 days. Diaz offers no excuse for this delay. Thus, this delay alone constitutes a lack of due diligence and disentitles Diaz to equitable tolling."); Drew v. Dept. of Corrections, 297 F.3d 1278, 1287 (11th Cir. 2002)(While claiming that he did not receive the district court's order dismissing his initial federal habeas petition until almost a year after it was rendered, "Drew's own lack of diligence precludes us from equitably tolling the statute of limitations . . . . the record reflects that, for a period of some sixteen months, Drew made virtually no effort to ascertain the status of his first habeas petition in the district court. This lack of diligence ultimately prevented Drew from filing the instant federal habeas petition until well after the AEDPA statute of limitations had expired.").

Finally, with respect to whether the circumstances set out by the petitioner were so "extraordinary" as to excuse the untimely filing, the law in this circuit is clear that attorney error does not create the "extraordinary circumstances" which equitable tolling requires.[2] Sandvik, supra, (holding that mere attorney negligence is not a basis

---

[2] Other circuit courts of appeal have also held that attorney negligence is not sufficient to warrant application of the equitable tolling doctrine in this context. See Trenkler v. United States, 268 F.3d 16 (1st Cir. 2001); Smaldone v. Senkowski, 273 F.3d 133 (2nd Cir. 2001); Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605, 158 L. Ed. 2d 248 (2004); Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002); United States v. Martin, 408 F.3d 1089 (8th Cir. 2005).

for equitable tolling).  See also Helton, supra (holding that petitioner's attorney's misinforming him as to deadline to file federal habeas petition did not constitute "extraordinary circumstance" warranting equitable tolling); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (holding "[a]ny miscalculation or misinterpretation by Steed's attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling."); Jackson v. Crosby, 375 F.3d 1291 (11th Cir. 2004) (holding in a capital case that attorney's miscalculation of applicable time limits does not support application of equitable tolling).  As noted in a special concurrence in Jackson, ". . . the rules relating to timeliness of filing and appellate court jurisdiction apply without respect to the identity of parties or the nature of the case.  We do not have one set of rules for petitioners and their attorneys in capital cases and another set for everyone else."  Id. at 1300 (Carnes, J., concurring).

> The fact that petitioner's collateral post-conviction counsel filed his Rule 3.850 motion without leaving sufficient time to file a federal petition is not an extraordinary circumstance which warrants application of the equitable tolling doctrine.  Howell v. Crosby, No. 04-16542, 2005 WL 1554202 (11th Cir. July 6, 2005), is directly on point with the facts of this case.  In Howell, the petitioner's attorney obtained an extension of time to file his Rule 3.850 petition, which was filed two months after the federal limitations period elapsed.  Howell's federal petition was filed two months after the denial of his post-conviction relief was affirmed by the Supreme Court of Florida and over five years after the federal limitations period had expired.  Howell argued his attorney's negligence in failing to file within the applicable limitations period was an extraordinary circumstance which warranted equitable tolling.  In keeping with established precedent, the court held "attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline."  Id.

Petitioner has not alleged any facts which demonstrate his diligence in ascertaining the federal habeas limitations period, nor in pursuing the timely filing of his federal petition. Additionally, his assertion of attorney negligence is not an "extraordinary" circumstance which warrants application of the equitable tolling doctrine. Therefore, he has presented an insufficient factual basis to establish that equitable tolling should apply to his case. Petitioner's federal habeas petition was filed well after the limitations period provided for in AEDPA had expired. Thus, his petition was untimely filed.

Accordingly, it is hereby ORDERED:

1. Respondent's motion for summary judgment (doc. 10) is GRANTED.
2. The petition for writ of habeas corpus (doc. 7) challenging the sentence in State v. Chadwick D. Banks, in the Circuit Court of Gadsden County, Florida, Case No. 92-841, is DISMISSED. The Clerk is directed to close the file in this case.

DONE AND ORDERED this 29th day of July, 2005.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**